UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUKE PARTNERS II, LLC, | No. 2:17-cv-02578-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| DANIEL GARCIA, | |
| Defendant. | |

On December 8, 2017, *pro se* defendant Daniel Garcia ("defendant") removed this unlawful detainer action from the Superior Court of the State of California for Solano County. Rem. Not., ECF No. 1. Having reviewed defendant's notice of removal and found no subject matter jurisdiction over this action, the court *sua sponte* REMANDS the action to state court.

I. <u>LEGAL STANDARD</u>

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists. *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

There are two primary bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. District courts have federal question jurisdiction over "all civil actions arising under the

1

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). To invoke federal question jurisdiction, a complaint must establish "either that (1) federal law creates the cause of action or that (2) plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (citation omitted). Federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Alternatively, a federal court has diversity jurisdiction over an action involving citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "The burden of establishing federal jurisdiction is upon the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (internal citation omitted).

II. DISCUSSION

Defendant's notice of removal alleges the court has both federal question jurisdiction and diversity jurisdiction, yet inspection of the complaint reveals neither basis. *See* Rem. Not. ¶¶ 4, 12.

Plaintiff alleges an unlawful detainer claim, which sounds clearly and exclusively in state law. ECF No. 1 at 13; *see PNC Bank Nat'l Ass'n v. Ahluwalia*, No. 15-cv-01264 WHA, 2015 WL 3866892, at *4 (N.D. Cal. June 22, 2015) ("Unlawful-detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction.") (collecting cases). Thus, the court lacks federal question jurisdiction. *See Caterpillar*, 482 U.S. at 392 ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."). Defendant's allegation that federal question jurisdiction exists because he is a "Counter Plaintiff[]" seeking judgment against plaintiff for violations of the Fair Debt Collection Practices Act is unavailing because a counterclaim cannot

establish federal question jurisdiction. *See* Rem. Not. ¶ 2; *see also Vaden*, 556 U.S. at 60.

Further, as a California citizen, defendant cannot remove this case on the basis of diversity jurisdiction. *See* Rem. Not. ¶ 6 ("Defendant/Counter Plaintiff is a citizen of California . . . ."); *see also* 28 U.S.C. § 1441(b)(2) (stating that an action may not be removed on the basis of diversity "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"); *Spencer v. U.S. Dist. Ct.*, 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal."). Moreover, the amount in controversy is unlikely to exceed $75,000.00, despite defendant's claims to the contrary. *See* Rem. Not. ¶¶ 7-12. Plaintiff filed a "limited civil" claim for a "demand [that] does not exceed $10,000.00," and plaintiff seeks only "damages in the amount of $69.17 per day or as allowed from 8/15/17 to the date of entry of judgment, or recovery of possession of the premises." ECF No. 1 at 13, 15. Because unlawful detainer actions seek only the right to possess, not own, the property, the subject property's value is irrelevant in determining the amount in controversy. *MOAB Inv. Group, LLC v. Moreno*, No. C14-0092 EMC, 2014 WL 523092 at *1 (N.D. Cal. Feb. 6, 2014); *Maxwell Real Estate Inv. LLC v. Bracho*, No. C12-02774 RMW, 2012 WL 2906762 at *1 (N.D. Cal. July 13, 2012). Defendant has not met his burden in establishing the amount in controversy is met; construing the removal statute strictly against removal jurisdiction, the court concludes it lacks jurisdiction under 28 U.S.C. § 1332. *See Emrich v. Touche Ross & Co.*, 846 F.2d at 1195.

Defendant has not adequately established a basis for the court's subject matter jurisdiction and the court must therefore remand the case. *See* 28 U.S.C. § 1447(c).

III. <u>CONCLUSION</u>

Based on the above, the court *sua sponte* REMANDS the action to the Superior Court of the State of California for Solano County.

IT IS SO ORDERED.

DATED: December 13, 2017.

_____
UNITED STATES DISTRICT JUDGE

3